UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ESTATE OF MANUEL A. GONZALEZ, JR., et al., | |
| Plaintiffs, | 2:06-mc-0095-MCE-GGH |
| v. | MEMORANDUM AND ORDER |
| RODERICK Q. HICKMAN, et al., | |
| Defendants. | |

Through the present action, the Estate of Correctional Officer Miguel Gonzalez, together with Officer Gonzalez' minor children ("Plaintiffs"), allege that Roderick Q. Hickman, Jeanne S. Woodford, Suzanne Hubbard, John Dovey, Lori Di Carlo, Carol Roddy, Gregory Mellott and Wendy Still ("Defendants") deprived Officer Gonzalez of his civil rights in violation of 42 U.S.C. § 1983.[1]  Neither the State of California nor the California Institution for Men ("CIM") are parties to the present action.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

Before the Court is Defendants' Motion for Reconsideration of the Magistrate Judge's order compelling the State of California ("State") to produce documents pursuant to a federal subpoena. *See* Order, Docket No. 17, November 6, 2006 ("Order"). Defendants seek a reversal of that Order on the ground that the State cannot be compelled to respond to the subpoenas because it enjoys sovereign immunity under the Eleventh Amendment to the Constitution of the United States of America. For the reasons set forth below, Defendants' Motion is GRANTED.

**BACKGROUND**

On September 7, 2006, Plaintiffs filed a Motion to Compel compliance with subpoenas by and through the Estate of Manuel A. Gonzalez, Jr. Those subpoenas were served on the California Department of Corrections and Rehabilitation ("CDCR") seeking certain information regarding Mr. Gonzalez' employment at the CIM as well as documents pertaining to vests purchased by CDCR that were to be worn by correctional officers.

Defendants objected to the subpoenas alleging that Eleventh Amendment immunity precludes Plaintiffs from compelling the State to produce the requested discovery. On November 6, 2006, the Magistrate Judge ruled that absent a waiver by the State, the Eleventh Amendment bars enforcement of the subpoenas. He went on to find, however, that the State had waived its right to assert sovereign immunity by enacting California Government Code section 68097.1(b) which provides procedure for serving subpoenas on State employees hailed before any court or tribunal.

In the alternative, Judge Hollows concluded that the *Ex Parte Young* exception to Eleventh Amendment immunity provides an additional ground for granting the Motion to Compel. *Ex Parte Young*, 209 U.S. 123 (1908). On November 16, 2006, Defendants filed the present Motion for Reconsideration.

## STANDARD

Pursuant to the Eastern District's Local Rule 72-303(f), the standard that the assigned Judge shall use in reviewing a Magistrate Judge's ruling is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).

## ANALYSIS

The language of Cal. Govt. Code section 68097.1(b) provides, in pertinent part, as follows:

> "[w]henever any other state employee or any employee of the trial courts is required as a witness before *any court* or other tribunal in any civil action or proceeding in connection with a matter, event, or transaction concerning which he or she has expertise gained in the course of his or her duties, a subpoena requiring his or her attendance may be served by delivering a copy either to the person personally ...."

Based on the foregoing language, the Magistrate Judge held that, "[b]y use of the word 'any' in describing the court and action in which state officials may be compelled to testify, the only implication fairly drawn is that 'any' actually meant any, to include, of course, federal courts." Order, p. 4:17-20. This Court respectfully disagrees.

3

**A.   Waiver**

The Supreme Court has instructed that a court may "find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Hibbs v. Dept. of Human Res.*, 273 F.3d 844, 851 (9th Cir. 2001) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1973)) (alteration in original)).  In fact, the Court further explained that test for determining whether a state has waived its immunity from federal-court jurisdiction is a stringent one.  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999).

Moreover, "a state does not consent to suit in federal court merely by consenting to suit in the courts of its own creation. Nor does it consent to suit in federal court merely by stating its intention to 'sue and be sued,' or even by authorizing suits against it 'in any court of competent jurisdiction' ...." *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006) (citing *Coll. Sav. Bank*, 527 U.S. at 676) (internal citations omitted).

The language of Government Code section 68097.1(b) does not rise to the level of constituting an "unequivocal expression" of consent sufficient to waive the State's sovereign immunity.  *See Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  Rather, as the *Stanley* court held, a proclamation in a statute authorizing suits against the State in "*any court* of competent jurisdiction" is insufficient to constitute a waiver. *See Stanley*, 433 F.3d at 1133.

///

4

In addition, where governmental bodies are already subject to suit, procedural statutes may apply to the State without interfering with sovereignty rights. *W. Title Guar. Co. v. Sacramento & San Joaquin Drainage Dist.,* 45 Cal. Rptr. 578 (Cal. App. 3d Dist. 1965). Here, Government Code section 68097.1 was passed primarily to remedy procedural problems. The California Attorney General explained that the purpose of section 68097.1 was to relieve the problem of California Highway Patrol officers being compelled to testify in civil suits on their own time and at their own expense. That arrangement was unacceptable as it led to serious administrative problems as well as the persistent allegation that officers being compelled to testify made private agreements for compensation with the party subpoenaing them ultimately coloring officers' testimony. 53 Op. Atty Gen. Cal. 322 (1970). In passing this statute, the Court finds the State did not intend to expand the federal court's jurisdiction by waiving its' right to sovereign immunity. *See Hoyt v. Bd. of Civil Serv. Comm'rs,* 21 Cal. 2d 399, 403 (1942). Rather, this procedural statute was passed to remedy a procedural and administrative problem unrelated to jurisdiction.

Finally, in other instances where the State has elected to waive its sovereign immunity, it has used unequivocal language to declare that intention. For example, under Government Code section 98004, the legislature declared as follows:

> "Sec. 9.4. Limited Waiver of Sovereign Immunity. (a) In the event that a dispute is to be resolved in federal court or a court of competent jurisdiction as provided in Section 9.1, the State and the Tribe *expressly consent to be sued therein and waive any immunity therefrom that they may have.*"

5

1  Cal. Govt. Code § 98004 (Deerings, 2006) (emphasis added).  The
2  preceding provision demonstrates that when the State intends to
3  cede its' sovereign immunity, it is well aware that it must do so
4  only by an express declaration.  It did not use unequivocal
5  language in Government Code section 68097.1(b) leaving room for
6  an alternative reasonable construction that it did not intend to
7  waive its' immunity.  In sum, the Court finds the State did not
8  waive its right to sovereign immunity in passing Government Code
9  section 68097.1(b).

**B.   Ex Parte Young Exception**

With respect to this ground for granting the Motion to
Compel, the Magistrate Judge reasoned that the *Ex parte Young*
doctrine was applicable to the case at bar because there was no
meaningful distinction between a suit seeking injunctive relief
requiring a state official to act and the instant case requiring
a state official to produce documents.  Order, p. 5:18-20.  While
the foregoing reasoning may be true, it does not examine the
correct issue.  Specifically, when considering the applicability
of the *Ex Parte Young* doctrine, the proper focus of the inquiry
is whether the relief the plaintiffs seek is prospective, aimed
at remedying an ongoing violation of federal law, or
retrospective, aimed at remedying a past violation of the law.
*Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).
///
///
///

1 As explained below, this Court finds the relief Plaintiffs seek
2 is retrospective, aimed at remedying a past violation of the law,
3 as compared to prospective relief aimed at curtailing an ongoing
4 violation.
5     The Supreme Court has clarified, "Young's applicability has
6 been tailored to conform as precisely as possible to those
7 specific situations in which it is necessary to permit the
8 federal courts to vindicate federal rights and hold state
9 officials responsible to the supreme authority of the United
10 States." *Papasan v. Allain*, 478 U.S. 265, 277 (1986).  Here,
11 Plaintiffs do not have a federal right to force the State to
12 produce documents that, in a best case scenario, can only assist
13 Plaintiffs in obtaining relief for a past wrong.
14     In addition, the Court explained that "it is the purpose of
15 the relief rather than its form which is relevant." *Green v.
16 Mansour*, 474 U.S. 64 (1986).  The purpose of the relief sought
17 here, production of documents that could lead to admissible
18 evidence in a suit seeking relief for a past wrong, is clearly
19 retrospective.  There is no on going violation that could support
20 a finding that the present issue falls within the *Ex Parte Young*
21 exception to the Eleventh Amendment bar.  Accordingly, the Motion
22 to Compel should be denied.
23
24 **C.   Documents Regarding the Protective Vests**
25
26     Given the Court's finding that the Eleventh Amendment bars
27 the federal subposenas, the Court need not address the scope of
28 the Order compelling discovery regarding the protective vests.

7

**CONCLUSION**

For the reasons set forth above, the Magistrate Judge's Order granting Plaintiffs' Motion to Compel is contrary to law and, hereby reversed.  The federal subpoenas seeking the production of documents by the State are barred on the ground that the State is entitled to sovereign immunity.

IT IS SO ORDERED.

DATED: December 20, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE