UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF MANUEL A. GONZALEZ, JR., et al.,

    Plaintiffs,

  v.

RODERICK Q. HICKMAN, et al.,

    Defendants.

2:06-MC-0095-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, the Estate of Correctional Officer Miguel Gonzalez, together with Officer Gonzalez' minor children ("Plaintiffs"), allege that Roderick Q. Hickman, Jeanne S. Woodford, Suzanne Hubbard, John Dovey, Lori Di Carlo, Carol Roddy, Gregory Mellott and Wendy Still ("Defendants") deprived Officer Gonzalez of his civil rights in violation of 42 U.S.C. § 1983.[1]  Neither the State of California nor the California Institution for Men ("CIM") are parties to the present action.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

1  Before the Court is Plaintiffs' Motion for Reconsideration
2 of this Court's December 20, 2006 Order ("Order") reversing
3 Magistrate Judge Gregory G. Hollows' earlier Order compelling the
4 State of California ("State") to produce documents pursuant to a
5 federal subpoena.  *See* Order, Docket No. 17, November 6, 2006.
6 Plaintiffs seek a reversal of this Court's Order on the ground
7 that additional facts have come to light that would warrant
8 relief from that judgment.  For the reasons set forth below,
9 Plaintiffs' Motion is DENIED.

**BACKGROUND**

13  The Court has already set forth a detailed factual
14 background for this action in its Order dated December 20, 2006,
15 which is incorporated by reference and need not be reproduced
16 herein.  Mem. & Order 2-3, December 20, 2006.

**STANDARD**

20  A court should be loathe to revisit its own decisions unless
21 extraordinary circumstances show that its prior decision was
22 wrong.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S.
23 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).  This
24 principle is generally embodied in the law of the case doctrine.
25 That doctrine counsels against reopening questions once resolved
26 in ongoing litigation.  *Pyramid Lake Paiute Tribe of Indians v.*
27 *Hodel*, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 C. Wright, A.
28 Miller & E. Cooper, Fed. Prac. and Proc. § 4478 at 788-89).

2

Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *U.S. v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). The grounds justifying reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Pyramid*, 882 F.2d at 369. Mere discontent with the Court's earlier ruling is insufficient to warrant relief.

**ANALYSIS**

Pursuant to Local Rule 78-230(k), an application for reconsideration must set forth, by affidavit or brief, any new material facts and circumstances that support a claim that the Court's previous ruling be revisited. Here Plaintiffs failed to offer any such new evidence bearing on the Court's prior ruling; rather, Plaintiffs simply request that the Court revisit its previous Order based almost solely on their disagreement with the Court's conclusion regarding Plaintiffs' waiver argument. The instant request is consequently deficient on that ground alone. In addition, however, Plaintiffs' request offers nothing substantively in any event to change the analysis set forth in this Court's Order.

3

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: April 30, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4